UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOHNNY LEE TOWNSLEY, JR.                                    MOVANT/DEFENDANT

v.                                                           CRIMINAL ACTION NO. 5:08CR-11-R-1

UNITED STATES OF AMERICA                                     RESPONDENT/PLAINTIFF


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Movant has filed a pro-se motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Docket No. 55. Pursuant to its "gatekeeping" review of the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court ordered the Movant to show cause why the Court should not deny the motion as having been filed outside the 1-year period of limitation set by § 2255(f)(1). DN 56. The Movant has responded to the show-cause order (DN 57), and the Respondent has replied to Movant's response (DN 58). The Court referred this matter to the undersigned Magistrate Judge for report and recommendation. DN 61.

Because Movant has failed to provide a valid reason for the Court to depart from its tentative conclusion that the motion should be denied, the Magistrate Judge RECOMMENDS that the Court DENY Movant's § 2255 motion (DN 52) as time barred.

### Background and Procedural History

In 2008, Movant was indicted on four counts of distribution of cocaine base. DN 1. The indictment does not mention Movant's career-offender status.

Movant pled guilty to all four counts.

In January, 2009, based on Movant's prior convictions and career-offender status, the Court sentenced Movant to 188 months imprisonment. See Judgment In A Criminal Case, DN 33.

1

In June, 2013, the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the statutory mandatory minimum penalty is an "element" of the charged offense, which must be included in the indictment and submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S.Ct. 2151.[1]  *Alleyne* expressly declined to revisit *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that the fact of a prior conviction is not an "element" of the charged offense.

In July, 2013, Movant filed the present motion pursuant to 28 U.S.C. § 2255.  DN 52.

Movant claims that, in light of a retroactive application of *Alleyne*, "counsel rendered ineffective assistance because I entered a plea without knowing the elements to convict," including the element of career-offender status which had to be proven beyond a reasonable doubt.  Ground One, DN 55.

The claim appears to be without merit because:  1) Counsel cannot be faulted for not anticipating *Alleyne*, especially as Movant has not alleged that he was not, in fact, a career offender; 2) Career-offender status does not fall within the scope of *Alleyne* because "[t]he career-offender guidelines merely advise a district court how to wield its discretion, and therefore the commands of *Alleyne* [regarding mandatory minimums] do not apply," *United States v. Cooper*, 739 F.3d 873 (6th Cir.2014); and 3) "[E]ven if *Alleyne* extended to cover increases in the guidelines-recommended sentences, the opinion itself recognizes that federal courts treat the fact of prior convictions [that result in career-offender status] differently than other facts that might trigger a change in a defendant's minimum or maximum sentence."  *Id.* citing *Alleyne* at n. 1.

---

[1] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases he penalty for a crime beyond the prescribed statutory **maximum** *(emphasis added)* must be submitted to a jury, and proved beyond a reasonable doubt."

## Statute of Limitations

The issue presently before the Court is whether the motion was timely filed. According to Movant, it was timely pursuant to § 2255(f)(3) "because the Supreme Court ruled that [*Alleyne*] is retroactive[ly] [applicable] based on a constitutional[ly] substantive rule." DN 55, p. 12.

28 U.S.C. § 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and **made retroactively applicable to cases on collateral review** *(emphasis added)*; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The dispositive issue, then, is whether Movant is correct that courts have made the right recognized by *Alleyne* retroactively applicable to cases on collateral review.

In its show-cause order, the Court noted that "the Sixth circuit has yet to address the issue" and, therefore, the Court will be called upon to decide the issue "in the first instance." DN 56, p. 2. The Magistrate Judge has uncovered no Sixth Circuit authority directly on point. However, every circuit court and every district court within this circuit that has considered the question have uniformly held that *Alleyne* is not retroactively applicable on collateral review.

As explained by the Seventh Circuit, only the Supreme Court "Justices themselves" may declare *Alleyne* retroactively applicable, and they have not done so:

> The declaration of retroactivity must come from the Justices. See *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack.
>
> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. ... But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot [conclude that it does].

*Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013).

According to the Second Circuit, in addition to expressly or impliedly making *Alleyne* retroactively applicable, "the Supreme Court could also make [it] retroactive by placing it within a category of cases previously held to be retroactive," but *Alleyne* does not fall within that category:

> There are two such categories: new substantive rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; and new procedural rules that "are implicit in the concept of ordered liberty." *Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) .... The latter category is reserved for "watershed rules of criminal procedure" which "alter our understanding of the bedrock procedural elements" of the adjudicatory process. *Teague*, 489 U.S. at 311.... *Alleyne* falls within neither category.

*United States v. Redd*, 735 F.3d 88, 91 (2nd Cir.2013).

Courts within this circuit have uniformly held that *Alleyne* does not apply retroactively to cases on collateral review based upon a combination of the rationales offered by the Second and Seventh Circuits: *Taylor v. United States*, 2014 WL 354068 (E.D.Mich.); *Hesslink v. Coakley*, 2014 WL 296928 (N.D.Ohio); *United States v. Partin*, 2014 WL 241528 (E.D.Ky.); *Smith v. United States*, 2013 WL 6497963 (M.D.Tenn.).

Movant's 1-year period of limitation commenced running on "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), not June, 2013, when the right asserted (*Alleyne*) was initially recognized by the Supreme Court and allegedly made retroactively applicable to cases on collateral review, § 2255(f)(3).

The Court entered Movant's Judgment and Commitment Order in January, 2009 (DN 33), and he did not file a direct appeal (DN 55, p. 2). Movant's conviction became final some time in 2009, and he did not file the present motion (DN 52) until July, 2013 – well outside the 1-year period of limitation.

For the foregoing reasons, the Court concludes that Movant has failed to demonstrate that his § 2255 motion is timely under the applicable statute and has failed to allege facts warranting equitable tolling.

**Certificate of Appealability**

If the district court agrees with the magistrate judge's recommendation and Movant decides to appeal the matter, he is required to obtain a certificate of appealability from either "a circuit justice or [the district] judge" before the appellate court will review the appeal. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b). The district court may issue or deny a certificate of appealability proactively, even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir.2002).

When a district court denies a motion on procedural grounds independently of the merits, a certificate of appealability will issue only if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5

Although the Court has found no controlling Sixth Circuit authority on the procedural question of whether *Alleyne*, supra, applies retroactively to cases of collateral review, the Court has located opinions from other circuits and district courts within this circuit holding that it does not, and no opinion to the contrary.  Therefore, the Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Alternatively, even if it were debatable, for the reasons indicated above, Movant's claim appears to be based on an invalid application of *Alleyne*.  Thus, no certificate of appealability is warranted in this case.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY the motion pursuant to 28 U.S.C. § 2255 (DN 52) as barred by 28 U.S.C. § 2255(f)(1) and DENY a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

**NOTICE**

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).